UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Case No. 21-CR-93

UNITED STATES OF AMERICA,
    Plaintiff,

v.

LAGENE C. MCGHEE,
    Defendant.

U.S. District Court
Wisconsin Eastern
NOV - 6 2023
FILED
Clerk of Court

## MOTION FOR A REDUCTION IN SENTENCE UNDER 18 U.S.C. 3582(C)(2)

Defendant LaGene C. McGhee moves the Court under 18 U.S.C. 3582(c)(2) for a reduction in sentence to 78 months or by such other amount as the Court deems just and equitable. McGhee was sentenced to a 96-month term of imprisonment after receiving two criminal history points under former U.S.S.G. 4A1.1(d) for committing his offense while under a criminal justice sentence. These two criminal history points increased McGhee's total criminal history points to seven points, putting McGhee into Criminal History Category IV. Without these two points, McGhee's total criminal history points of five points would have put McGhee into Criminal History Category III and McGhee would have been exposed to a lower advisory sentencing guideline range. A retroactive amendment to the U.S. Sentencing Guidelines, Amendment 821, has eliminated these two criminal history points. McGhee is eligible for a sentence reduction. The interests of justice favor a reduction in sentence to 78 months. This motion is based on the attached memorandum of law and the entire record of these proceedings.

## MEMORANDUM OF LAW

The Court should reduce McGhee's sentence to 78 months.

I. Background.

In October, 2021, the Court sentenced McGhee to a 96-month term of imprisonment based on McGhee's guilty plea to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). The Court also imposed a six-year term of supervised release. Id. at 3. McGhee was subject to an advisory sentencing guideline range of 92-115 months based on an adjusted offense level of 26 and a criminal history category of IV. See 18 U.S.C. App'x. Ch. 5, Pt. A.

McGhee was assigned seven criminal history points. Two of these criminal history points were assigned under since-amended U.S.S.G. 4A1.1(d), which assigns two criminal history points for committing an offense under a criminal justice sentence. Without these two criminal history points, McGhee would have five criminal history points and a criminal history category of III. McGhee's advisory sentencing guideline range would have been 92-115 months. Effective November 1, 2023, U.S.S.G. 4A1 has been retroactively amended to eliminate the two criminal history points McGhee received for committing his offense while under a criminal justice sentence. See United States Sentencing Guideline Amendment 821.

As of November 1, 2023, McGhee has served 24 months of his sentence.

II. Argument.

The Court should reduce McGhee's sentence to time served.

A. McGhee is eligible for relief under 18 U.S.C. 3582(c)(2).

Under 18 U.S.C. 3582(c)(2), the Court may reduce a defendant's term of imprisonment if the defendant's advisory sentencing guideline range has been lowered by a retroactive amendment of the Sentencing Guidelines by the United States Sentencing Commission after considering the factors set forth in 18 U.S.C. 3553(a), provided that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C.

McGhee is eligible for relief under 18 U.S.C. 3582(c)(2). Effective November 1, 2023, U.S.S.G. 4A1.1(d) has been retroactively amended to eliminate the provision that assigned two criminal history points to a defendant who committed their offense while subject to a criminal justice sentence. See United States Sentencing Guideline Amendment 821. At sentencing, McGhee was assigned a total of seven criminal history points. Two of these criminal history points were assigned under since-amended U.S.S.G. 4A1.1(d). McGhee is no longer subject to these criminal history points.

Before the Sentencing Commission's retroactive amendment, McGhee's advisory sentencing guideline range was 92-115 months. After the Sentencing Commission's retroactive amendment, McGhee's advisory sentencing guideline range is 78-97 months. Because McGhee's advisory sentencing guideline range has been lowered by a retroactive amendment of the Sentencing Guidelines by the United States Sentencing Commission, McGhee is eligible for relief under 18 U.S.C. 3582(c)(2). McGhee's request is consistent with the applicable policy statements issued by the Sentencing Commission in U.S.S.G. 1B1.10 because nothing in McGhee's request conflicts with the policy statements.

B. The Court should exercise its discretion to reduce McGhee's sentence to 78 months.

As of November 1, 2023, McGhee has served 24 months of his sentence. See Sentence Monitoring Computation Data, attached as Exhibit A.

The Court should exercise its discretion to reduce McGhee's sentence to 78 months. This request is at the bottom of the advisory guideline range that applies in light of Amendment 821. Such a reduction is warranted because McGhee's term of imprisonment has been substantially harsher than what the Court could have anticipated when it sentenced McGhee. During his term of imprisonment, McGhee suffered a slip and fall which caused substantial damage to McGhee's knee, hip and back. McGhee has been diagnosed as needing a total knee replacement and back injections, but the Federal Bureau of Prisons will not provide him with this care. As a result, McGhee experiences severe pain, sleeplessness, and substantial limitations in his activities of daily living. When McGhee is released he will be able to purchase health insurance and receive this care. While McGhee is incarcerated, he will not receive this care.

McGhee's request is consistent with public safety considerations. McGhee has "out custody" status, in which he leaves his institution's perimeter to help care for staff housing. See Male Custody Classification Form, attached as Exhibit B. McGhee has been assigned a "minimum/low" risk of recidivism by the Bureau of Prisons pursuant to its PATTERN assessment tool. See FSA Time Credit Assessment, attached as Exhibit C. McGhee is participating in programming, including in his institution's gate pass program. See Individualized Needs Plan - Program Review, attached as Exhibit D. In short, despite his medical difficulties, McGhee has taken a positive approach to his term of imprisonment and is taking the steps needed so that McGhee will be a contributing member of society upon his release.

Respectfully submitted,

LaGene C. McGhee
43390-509 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072