UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                 Case No. 21-CR-93

LAGENE C. MCGHEE,

        Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

A grand jury charged Lagene C. McGhee with the following three felonies: 1) Possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine and 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); 2) Possession of a firearm, i.e. an FNP .45 caliber handgun, in furtherance of the drug trafficking crime charged in count one; and 3) Possession of a firearm by a felon. The penalty for count one was a maximum of 40 years with a mandatory minimum sentence of five years in prison. Count two carried a mandatory five years and a maximum of life to run consecutive to count one; and count three carried a maximum sentence of ten years in prison. In other words, had Plaintiff been convicted on counts one and two, he faced a mandatory minimum ten years in prison with a maximum of life.

On July 9, 2021, Plaintiff entered a guilty plea to count one, the charge of possession with intent to deliver 500 grams or more of a mixture and substance containing cocaine and 28 grams or more of a mixture and substance containing cocaine base, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Pursuant to the plea agreement, the

parties agreed to a sentence between 96 months and 132 months imprisonment, to be served concurrently with Defendant's state revocation sentences, in the event the court accepted the plea. The court concluded that the recommended sentence was reasonable and accepted the plea.

On October 18, 2021, the court imposed a sentence of 96 months, or 8 years, to be served concurrently with the state sentence the defendant was currently serving. In other words, the defendant received the lowest sentence possible under the terms of the plea agreement he entered into with the government. On November 6, 2023, McGhee filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the new changes in the sentencing guidelines. He claims in his motion that, under the new guidelines, he would receive two fewer criminal history points that would reduce his category from IV to III. The resulting Guideline sentence would be between 70 and 87 months, as opposed to 84 to 105 months under the original Guidelines.

McGhee's motion is denied. Because of the nature of the plea agreement he entered into with the Government, the Guidelines played no role in the sentence imposed by the court. In fact, the court imposed the lowest sentence available under the plea agreement, 96 months. Had McGhee not entered into the plea agreement and been convicted of counts one and two, his sentence would have been a mandatory minimum 120 months. Given the compromise the defendant reached and the fact that the Guidelines played no role in the sentencing determination, his motion for a reduction must be denied.

**SO ORDERED** at Green Bay, Wisconsin this <u>29th</u> day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge