UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 21-CR-93

LAGENE C. MCGHEE,

        Defendant.

**RESPONSE TO MOTION FOR A REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and Alexander E. Duros, Assistant United States Attorney, hereby submits the following response to Lagene C. McGhee's ("McGhee") motion for a sentence reduction (ECF 28). The government argues that in light of *Hughes v. United States*, 584 U.S. 675 (2018), the defendant is eligible for a sentence reduction, but a reduction is not warranted after weighing the applicable § 3553(a) factors.

**BACKGROUND**

On April 1, 2021, the smell of marijuana led police officers to McGhee, a convicted felon, who was staying at a hotel in Crandon, Wisconsin. PSR ¶ 10. When McGhee opened the door to his hotel room, the officers smelled a "strong odor" of marijuana. *Id.* It turned out that McGhee was on state supervision and therefore subject to search under Wisconsin's Act 79. A search of his hotel room turned up approximately 744 grams of powder cocaine, approximately 150 grams of crack cocaine, approximately $4,594 in cash, a .45 caliber handgun, and a loaded .45 caliber magazine. *Id.*, ¶¶ 11-14.

A federal grand jury charged McGhee with possession with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (count one), possessing a firearm in

furtherance of a drug trafficking crime (count two), and being a felon in possession of a firearm (count three). ECF 1.

The parties eventually entered into a plea agreement whereby McGhee pleaded guilty to one count of possession with intent to distribute cocaine and cocaine base under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and the government agreed to dismiss the two remaining counts, including a count which carried a mandatory consecutive term of imprisonment of five years. ECF 10. Pursuant to the agreement, under Rule 11(c)(1)(C), the parties stipulated to a sentencing range of 96-132 months' imprisonment. *Id.* ¶ 22. The Court accepted McGhee's plea and sentenced McGhee to 96 months' imprisonment. ECF 12 & 20.

On November 6, 2023, McGhee filed a motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction on the basis of retroactive guideline Amendment 821. This court denied McGhee's motion in an order entered December 29, 2023, reasoning that "[b]ecause of the nature of the plea agreement he entered into with the Government, the Guidelines played no role in the sentence imposed by the court." ECF 30.

McGhee appealed, and the 7th Circuit remanded for this court to consider, in light of *Hughes v. United States*, 584 U.S. 675 (2018), whether McGhee is eligible for a sentence reduction because his term of imprisonment was based on a sentencing range. The 7th Circuit reasoned that this court's decision conflicted with *Hughes*, which held that a sentence imposed pursuant to a binding plea agreement does not, by itself, make a defendant ineligible for a sentence reduction under § 3582(c)(2).

**LEGAL FRAMEWORK**

Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Here, Amendment 821 retroactively

2

amended McGhee's guideline range, which would today be 70-87 months absent the "status points" made inapplicable by the amendment.

The Supreme Court in *Hughes* held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 584 U.S. at 685. The Court explained that this is usually the case, given that "[t]he Sentencing Guidelines prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range. U.S.S.G. § 6B1.2(c). So in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to the agreement are 'based on' the defendant's Guidelines range." *Hughes*, 584 U.S. at 687.

Here, this court should address whether McGhee's guideline range was part of the framework it relied on in imposing the sentence or accepting the agreement, such that his case falls within the general rule announced in *Hughes*. The court should then determine (1) whether a sentence reduction is consistent with the applicable policy statements promulgated by the Commission; and (2) whether a reduction is warranted after weighing the applicable § 3553(a) factors. *United States v. Koglin*, 822 F.3d 984, 986 (7th Cir. 2016).

**ARGUMENT**

**1. McGhee is eligible for relief because a sentence reduction would be consistent with the applicable policy statement promulgated by the Commission.**

The applicable policy statement promulgated by the Commission can be found at U.S.S.G. § 1B1.10(d), which lists the amendments that apply retroactively and upon which a sentence reduction may be based. The statement provides that a sentence reduction is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). The question under this analysis "is whether the

bottom line, final [guideline] range would have been lower if the amendment had been in effect when the defendant was sentenced. *Koglin*, 822 F.3d at 986. "If the range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends there." *Id.*

McGhee relies on Amendment 821, which eliminated U.S.S.G § 4A1.1(d), which added 2 criminal history points if the defendant was on supervision at the time he committed the instant offense. It replaced it with U.S.S.G. § 4A1.1(e), which only adds 1 status point if the defendant received 7 or more criminal history points.

Here, applying Amendment 821, McGhee's criminal history score drops from seven to five, his category from IV to III, and his guideline range from 84-105 months to 70-87 months. Therefore, because the "bottom line, final [guideline] range would have been lower if the amendment had been in effect when the defendant was sentenced," McGhee is eligible for relief. *Koglin*, 822 F.3d at 986.

**2. A reduction is not warranted after weighing the applicable § 3553(a) factors.**

If the court finds, in light of *Hughes*, that McGhee is eligible for relief, the court still must consider whether a reduction is warranted after weighing the applicable § 3553(a) factors. When making this determination, "[t]he district court can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction), for the statute permits but does not require the court to reduce a sentence."

The court adequately discussed the relevant 3553(a) factors at the sentencing hearing and justified a significant sentence of 96 months imprisonment. The court discussed the serious nature of the offense, which involved the defendant possessing with the intent to distribute a large quantity of drugs, which the Court described as "a kind of poison." ECF 36 at 12. The Court further discussed the harm that drug distribution causes to both individuals and the

4

community as a whole. *Id.* The Court also mentioned McGhee's criminal record, which included convictions for second degree recklessly endangering safety with the use of a weapon, armed robbery, and felony possession of narcotic drugs. *Id.* at 12-13; PSR, ¶¶ 31-34.

Consistent with *Hughes*, the court should also consider "the benefits the defendant gained by entering a Type-C agreement." *Hughes*, 584 U.S. at 687. As noted in the PSR, had McGhee been convicted of all three counts in the indictment, he would have faced a mandatory minimum term of imprisonment of ten years and a maximum of life. PSR, ¶ 77. And the government's case was strong. McGhee was found alone in a hotel room near a backpack that contained 572.18 grams of powder cocaine, $4,594 cash, and a .45 caliber full magazine with hollow point ammunition. PSR, ¶ 10-12. Under the mattress, officers located a fully loaded .45 FNP handgun, 172.11 grams of powder cocaine, and 40.69 grams of crack cocaine. PSR, ¶ 13. In his jacket pocket, officers located 110.80 grams of cocaine. *Id.* By accepting the 11(c)(1)(C) agreement, even considering the adjusted guidelines, McGhee benefited greatly by getting the opportunity to argue for a sentence below the 10-year mandatory minimum. When considering the nature of the case and the defendant's lengthy and violent record, a sentence just 9 months above the adjusted guidelines is warranted.

## CONCLUSION

For the reasons listed above, this Court should deny the defendant's motion for a sentence modification.

Dated at Green Bay, Wisconsin, this 7th day of November, 2024.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: */s Alexander E. Duros*
ALEXANDER E. DUROS
Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2024, I electronically filed the following document with the Clerk of the Court using the ECF system: RESPONSE TO MOTION FOR SENTENCE REDUCTION

      I further certify that I have caused the document to be mailed by United States Postal Service to the following non-ECF participant:

Lagene C. McGhee (#43390-509)
Thompson Administrative US Penitentiary
Satellite Camp
Inmate Mail/Parcels
PO Box 1002
Thomson, IL 61285

Dated at Green Bay, Wisconsin, this 7th day of November, 2024.

                GREGORY J. HAANSTAD
                United States Attorney

By:   */s Alexander E. Duros*
       ALEXANDER E. DUROS
       Assistant United States Attorney

6

Case 1:21-cr-00093-WCG   Filed 11/07/24   Page 6 of 6   Document 48