UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                Case No. 21-CR-93

LAGENE C. MCGHEE,

      Defendant.

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

This case is before the court on remand from the United States Court of Appeals for the Seventh Circuit vacating its previous order denying his motion for a sentence reduction. Defendant LaGene McGhee had entered into a plea agreement with the Government pursuant to Federal Rule of Civil Procedure 11(c)(1)(C). Under the terms of the agreement, McGhee agreed to enter a plea of guilty to Possession with Intent to Distribute 500 grams or more of a mixture and substance containing cocaine and 28 grams or more of a mixture and substance containing cocaine base in the form of crack cocaine. As charged, the offense carried a mandatory minimum term of 5 years and a maximum of 40 years imprisonment. In return for his plea of guilty to Count 1 of the Indictment, the Government agreed to move for dismissal of the remaining counts, including Knowingly Possessing a Firearm in Furtherance of a Drug Trafficking Offense and Possession of a Firearm by a Felon. The charge of Possession of a Firearm in Furtherance of a Drug Trafficking Offense would have added 5 years consecutive to the mandatory sentence McGhee would have faced. The parties also agreed, pursuant to Fed. R. Crim P. 11(c)(1)(C) that the court would impose a sentence of not less than 96 months (8 years) and not more than 132 months (11 years)

imprisonment, concurrent to the defendant's state revocation sentences. On October 19, 2021, the court imposed a sentence of 96 months and 6 years of supervised release.

On November 6, 2023, McGhee filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines. On December 29, 2023, the court denied the motion, reasoning that the plea agreement entered under Fed. R. Crim. P. 11(c)(1)(C) precluded a sentence outside of the parameters that the parties agreed to. It is this Order that the Court of Appeals reversed, relying on *Hughes v. United States*, 584 U.S. 675 (2018). In *Hughes*, the Court expressly held that a reduction in Guidelines authorized a sentence reduction under § 3582(c)(2) even where the parties had previously agreed to a set sentence under Rule 11(c)(1)(C). The Court held that "a sentence imposed pursuant to a Type-C agreement is based on the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 584 U.S. at 685. The Court explained that this would usually be the case, given that "[t]he Sentencing Guidelines prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guideline range. U.S.S.G. § 6B1.2(c). It thus follows that, in the usual case, the court's acceptance of the Type-C agreement and the sentence to be imposed pursuant to the agreement are based on the Guideline range. *Hughs*, 584 U.S. at 687.

Based upon *Hughes*, the court concludes that McGhee's Guideline range was a part of the framework relied upon in imposing the sentence and in accepting the agreement. The question that then arises is 1) whether the sentence reduction McGhee seeks is consistent with applicable policy statements promulgated by the Commission and 2) whether a reduction is warranted after

weighing the applicable §3553(a) factors. *United States v Koglin*, 822 F.3d 984, 986 (7th Cir. 2016).

Here I conclude that McGhee is eligible for relief because the sentence reduction would be consistent with the applicable policy statement promulgated by the Commission. That policy statement, which is found at U.S.S.G. § 1B1.10(d) lists the amendments that apply retroactively and upon which a sentence reduction may be based. The policy statement provides that a sentence reduction is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." Section 1B1.10(a)(2)(B). The question under this analysis "is whether the bottom line, final [Guideline] range would have been lower if the amendment had been in effect when the defendant was sentenced." *Koglin*, 822 F.3d at 986. "If the range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends." *Id* at 986-87.

In applying Amendment 821, it is clear that McGhee's criminal history score would drop from seven points to five points, resulting in lowering his Criminal History Category from IV to III. The resulting Guideline range would be reduced from 84 - 105 months to 70 – 87 months. Therefore, because the bottom-line final Guideline range would have been lower if the Amendment would had been in effect when he was sentenced, McGhee is eligible for relief. *Koglin*, 822 F.3d at 986.

Nevertheless, the court concludes that, after weighing the § 3553 factors, a reduction is not warranted in this case. The § 3553(a) factors require the court to consider the nature and circumstances of the offense, the history and character of the defendant, and the need for the sentence imposed to provide just punishment, deter the defendant and others from further criminal activity, protect the public from further crimes of the defendant, and rehabilitation. Turning first

3

to the nature and circumstances of the offense, the court finds the offense to be extremely serious. McGhee was arrested after a smell of marijuana led police to his hotel room in Crandon, Wisconsin. When McGhee opened the hotel room, the officers smelled a strong odor of marijuana. As McGhee was on state supervision at the time, and therefore subject to Wisconsin's Act 79, a warrantless search of his hotel room was undertaken. The search quickly turned up approximately 744 grams of powder cocaine, 150 grams of crack cocaine, approximately $4,594.00 in cash, and a 45-caliber handgun, along with a loaded 45-caliber magazine. Based upon the evidence obtained, McGhee was charged as noted above with Possession of Cocaine and Cocaine Base with Intent to Distribute, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, and Felon in Possession of a Firearm. As the court explained at the time of the sentencing, the drugs the defendant was selling constitutes a kind of poison in the community. Further, the aggravation of having a loaded firearm endangered the safety of others.

Turning to McGhee's history and character, the court notes that his prior record was significant, including a conviction in 1990 for Second Degree Recklessly Endangering Safety. In 1992, McGhee was convicted of three counts of Armed Robbery, and First Degree Recklessly Endangering Safety as a Party to a Crime. According to the presentence report, McGhee and another person held up three other individuals with McGhee carrying a sawed-off pump shotgun. For these crimes, McGhee received a sentence of some 26 years. He was paroled in March of 2009, but his parole was revoked in March of 2015 for possession of narcotic drugs in Manitowoc. He was again paroled in August 2016, but was revoked in September 2017 for selling Percocet on the Menominee Indian Reservation. Finally, he was again paroled in February 2019, but was revoked upon his arrest on the charges in this court. The Presentence Report indicates no history of any stable employment. Given the nature and circumstances of this offense and the history and

character of the defendant, the court is satisfied that the sentence previously imposed is sufficient but not greater than necessary to meet the goals of sentencing under § 3553(a).

In reaching this conclusion, the court also considered "the benefits the defendant gained by entering the Type-C agreement." *Hughes*, 584 at 687. Specifically, had McGhee been convicted of all three counts in the Indictment, he would have faced a mandatory minimum term of ten years and a maximum of life. The Government's case, from the description set forth above, appears strong. McGhee was found in a hotel room near a backpack that contained substantial amounts of drugs, cash, and a 45-caliber magazine loaded with hollow-point ammunition. Under the mattress, the officers found a fully-loaded a 45-FNP handgun and additional cocaine and crack. Considering these aggravating circumstances and the benefit McGhee received from the plea agreement, the court is satisfied that the sentence of 96 months that it imposed should not be reduced. The court is convinced that this sentence is necessary to provide adequate punishment, deterrence, and protection of the public. For these reasons, the motion to reduce his sentence under § 3582(c)(2) is denied.

McGhee has also filed a motion for compassionate release under § 3582(c)(1)(A). This provision authorizes the court to order reduction of a sentence or release of a defendant where there are extraordinary and compelling reasons that justify such action. McGhee claims that his physical health is such as to constitute an extraordinary and compelling reason for his release. More specifically, he claims that he has been diagnosed as needing a total knee replacement and back treatment, but that the Federal Bureau of Prisons (BOP) is depriving him of this medical care. As a result, he claims that his day-to-day existence consists of severe chronic pain, limited mobility, sleeplessness, and weight gain. McGhee claims he has been recently diagnosed as being pre-diabetic, a condition directly attributable to the BOP's failure to properly treat his medical

needs. He further contends that he is forced into the institution's snow crew in which he is required to leave the institution to remove snow from driveways and sidewalks, despite the difficult and painful limitations he has.

The Government opposes McGhee's motion for compassionate release and has attached to its response extensive medical records that belie his claimed condition. The Government notes that recent BOP records indicate that McGhee is currently classified as a "Care Level I", which is the least serious level in the BOP. Care Level I inmates, according to the BOP, are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6-12 months. The medical records attached to the Government's response support its contention that, although McGhee may complain about pain and stiffness, his condition does not meet the extraordinary and compelling reasons necessary to justify a reduction of his sentence or a release from custody. *See* Dkt. 43.

Even if McGhee could show extraordinary and compelling reasons, for the same reasons listed above, the court concludes that his release at this time would not be appropriate in light of the § 3553 factors. As the court noted, McGhee's offense was serious, his prior record indicates that he poses a danger to the public, and the sentence imposed was sufficient but not greater than necessary to accomplish the goals of sentencing. For these reasons as well, McGhee's motion for release under §3582(c)(1)(A) is also denied.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of January, 2025.

s/ William C. Griesbach
William C. Griesbach
United States District Judge